| | |
|---|---|
| **BRANDON VOGTS**, | |
| Plaintiff, | |
| v. | |
| **MILES ROST,** | Case No. 4:26-cv-373 |
| Serve at: 14109 Nieman Rd., Overland Park, KS 66221 | |
| and | |
| **ROST REALTY, LLC,** | |
| Serve at: Reg. Agt. Miles Rost 11005 Metcalf Overland Park, KS 66210 or 14109 Nieman Rd., Overland Park, KS 66221 | |
| and | **JURY TRIAL DEMANDED** |
| **PARTNERS, INC. d/b/a OVERLAND PARK PARTNERS, INC.** | |
| Serve at: Reg. Agt. Steve Johns 310 NW Englewood Rd., Ste. 100 Kansas City, MO 64118 | |
| Defendants. | |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
### (INJUNCTIVE RELIEF DEMANDED)

COMES NOW Plaintiff Brandon Vogts ("Plaintiff"), by and through his undersigned counsel, and hereby states for his Complaint against Defendants Miles Rost ("Defendant Rost"), Rost Realty, LLC ("Defendant Rost Realty") and Partners, Inc. d/b/a Overland Park Partners,

Inc. ("Defendant Partners, Inc." and collectively referred to herein with Defendant Rost and Rost Realty as "Defendants") as follows:

**SUMMARY OF THE ACTION AND PARTIES**

1. Plaintiff brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Plaintiff's original copyrighted works of authorship.

2. Plaintiff is a full-time, self-employed professional photographer who resides in Los Angeles, California.

3. Plaintiff is a real estate photographer and frequently works for real estate professionals such as Defendants. However, in this case, Defendants simply took Plaintiff's copyright-protected Work without hiring him and without compensating him.

4. Plaintiff's Work (as defined herein) at issue is part of his portfolio that depicts architectural subjects of significance in the Kansas City metro area. Plaintiff's portfolio was years in the making.

5. In particular, the Work depicts the Kansas City, Kansas, Prairie Village Shopping Center area. Plaintiff's primary market for licensing the photograph is in metropolitan Kansas City.

6. To create the Work, Plaintiff used professional-grade photography and editing equipment that he purchased for thousands of dollars.

7. To create the Work, Plaintiff invested many hours of his professional time.

8. Plaintiff is well-paid for the Work. The minimum fee for the time and a use-limited license of the Work that Defendants used without permission in this case is more than $1,000 per individual image for a licensee who wishes to use the image nationally.

9. Upon information and belief, Defendant Rost is a Kansas resident who uses the website that is the subject of this suit to advertise and sell properties within this District.

10. Defendant Rost Realty is a Kansas entity with its principal place of business in Overland Park, Kansas; it uses the website that is the subject of this suit to advertise and sell properties within this District.

11. Defendant Partners, Inc. is a Kansas entity with its principal place of business in Leawood, Kansas; it uses the website that is the subject of this suit to advertise and sell properties within this District.

12. At all times relevant, Defendant Rost, controlled, and/or operated Rost Realty, a business specializing in real estate services in the Kansas City, Missouri area.

13. Upon information and belief, Defendant Rost personally obtained, or supervised the acquisition of, Plaintiff's Work and used it as referenced herein to promote Defendant Rost's business and image.

14. Defendants took Plaintiff's copyrighted Work without a proper license in order to advertise, market and promote its business activities, and specifically the sale of real estate, across the Kansas City, Missouri area.

15. Defendants committed the violations alleged in connection with Defendants' business for purposes of advertising and promoting its business to the public in the course and scope of Defendants' business.

**JURISDICTION AND VENUE**

16. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

17. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

18. Defendants are subject to personal jurisdiction in Missouri because Defendants conduct systematic and continuous business in Missouri, because Plaintiff suffered the harm from the infringement in Missouri by virtue of the fact that his market for the photo is in Missouri, because Defendants took and used Plaintiff's Work depicting the metropolitan Kansas City scene to reach out to customers specifically in Missouri in order to promote Defendants' business in Missouri.

19. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in the Kansas City, Missouri area in this District.

## THE COPYRIGHTED WORK AT ISSUE

20. In or about 2018, Plaintiff created a photograph entitled "20180822_FWR_The_Village_Shops_023-Print," which is shown below and referred to throughout as the "Work."



21. Plaintiff timely registered the Work with the Register of Copyrights on April 24, 2019 and Plaintiff's Work was assigned the registration number "VA 2-148-485." The Certificate of Registration for the Work is attached hereto as **Exhibit 1** and incorporated herein by reference.

22. The Work is an artistic, edited rendering of a shopping area. To create the Work, Plaintiff took a series of photographs of the shopping area and digitally edited and retouched lighting and "special effects" in the photo to create the final copyrighted image.

23. Plaintiff employed special artistic skill to filter the people, lighting, moving vehicles and shopping area in natural conditions.

24. The photograph was the result of many photographs that Plaintiff sorted through and edited over several days to get the handful of images that were truly perfect- these were the images that Plaintiff selected for copyright protection.

25. At all relevant times, Plaintiff was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANTS

26. Defendants have never been licensed to use the Work at issue in this action for any purpose.

27. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendants copied the Work.

28. Defendants copied Plaintiff's copyrighted Work without Plaintiff's permission.

29. After Defendants copied the Work, they made further copies and distributed the Work on the internet to promote the sale of goods and services as part of their business.

30. Specifically, Defendants placed the Work on "www.therostgroup.com" (the "Website"), a website that Defendants owned, controlled, and operated.

31. Defendants used the Work to promote their business.

32. Defendants' display of the Work was repeated and continuous.

33. Defendants displayed the Work on their website and stored it on their website for future use. *See* **Exhibit 2** and **Exhibit 3** from Defendant's Website.

34. Defendants displayed the Work on an unknown date that occurred after Plaintiff registered the Work.

35. In April of 2026, Plaintiff first discovered that Defendants were using Work on their website.

36. Defendants' display of the Work is captured on their website in the following screenshot:



913-451-4888

HOME    LUXURY    LAKE HOMES    HOME SEARCH    MOVING TO KC    RESOURCES    ABOUT US    WESTMINSTER RESERVE

# PRAIRIE VILLAGE



## ABOUT PRAIRIE VILLAGE, KS

Prairie Village is blessed with wonderful neighborhood shopping centers and a variety of dining options. Known for its frequently found Cape Cod style homes, walkable, tree-lined streets, excellent schools, and 64-acres of parks, this community draws young professionals and new families. Prairie Village, KS is located in the heart of the Kansas City Metro region and has quick access to the Country Club Plaza.

Prairie Village, KS homes are in the Shawnee Mission School District.

For more information visit the PRAIRIE VILLAGE website.

Return to POPULAR AREAS IN KC to learn about other communities.

**Contact Miles Rost to start your Prairie Village area home search!**

## AREA LISTINGS

Days on Site ▾    Ascending ▾

Sorry, no results found.

### 🔷 Heartland MLS

Use of this site means you agree to the Terms of Use The information displayed on this page is confidential, proprietary, and copyrighted information of Heartland Multiple Listing Service, Inc. (Heartland MLS). © 2026 Heartland Multiple Listing Service, Inc. Heartland MLS and this broker do not make any warranty or representation concerning the timeliness or accuracy of the information displayed herein. In consideration for the receipt of the information on this page, the recipient agrees to use the information solely for the private non-commercial purpose of identifying a property in which the recipient has a good faith interest in acquiring. The data relating to real estate displayed on this website comes in part from the Heartland Multiple

## AREA MAP



## SEARCH LISTINGS

Search by ▾

Search for a Property

**SEARCH**

37. Plaintiff carefully reviewed the screenshot and determined that this was his Work and that Defendants did not have any license or permission to use the Work, as they had not paid him for the use of his Work.

38. Defendants copied and distributed Plaintiff's copyrighted Work in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling Defendants' goods and services.

39. Plaintiff's Work is protected by copyright, but is not otherwise confidential, proprietary, nor is it a trade secret.

40. Defendants committed copyright infringement of the Work as evidenced by the screenshot exhibits attached hereto.

41. Plaintiff never gave Defendants permission or authority to copy, distribute, or display the Work at issue in this case.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

42. Plaintiff incorporates by reference all prior paragraphs of this Complaint as if such were fully set forth herein.

43. Plaintiff owns a valid copyright in the Work at issue in this case.

44. Plaintiff registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

45. Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Plaintiff's authorization in violation of 17 U.S.C. § 501.

46. Defendants performed the acts alleged in the course and scope of its business activities.

47. Plaintiff has been damaged.

48. The harm caused to Plaintiff has been irreparable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Brandon Vogts prays for judgment against Defendants such that:

a. Defendants and their agents, servants, employees, affiliated entities, and all of those in active concert with it, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. Defendants be required to pay Plaintiff his actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages as provided in 17 U.S.C. § 504;

c. Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon; and

d. Plaintiff be awarded such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

**VOYTAS LAW, LLC**

By: /s/ Richard A. Voytas, Jr.
Richard A. Voytas, Jr. #52046
7321 S. Lindbergh Blvd., Ste. 400
Saint Louis, MO 63125
Phone: (314) 380-3166
Email: rick@voytaslaw.com

*Attorney for Plaintiff*